UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARETA NEWLAND,

    Plaintiff,

    v.

ALLIED VAN LINES, INC., and DOES 1-10,

    Defendants.
_____/

No. C 06-3906 PJH

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**

Plaintiff's motion to remand the complaint and defendant's motion to dismiss the complaint came on for hearing before this court on August 9, 2006. Plaintiff, Areta Newland ("plaintiff"), appeared through her counsel, Karen Kissler. Defendant, Allied Van Lines, Inc. ("defendant"), appeared through its counsel, Venessa Martinez. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion to remand the complaint, and GRANTS defendant's motion to dismiss the complaint, for the reasons stated at the hearing, and summarized as follows.

    1.    Under the artful pleading doctrine, plaintiff's state law claims for negligence and breach of contract state prima facie claims under the federal Carmack Amendment. See 49 U.S.C. § 14796. The Carmack Amendment provides a remedy where, as here, common carriers are allegedly responsible for the loss of, and/or damage to property resulting from the transportation of such property in interstate commerce. The statute also preempts state law on claims covering interstate carrier shipments. See, e.g., Hunter v. United Van Lines, 746 F.2d 635 (9th Cir. 1985)( "[A] state law claim may be

recharacterized as a federal claim ... when the state law claim is preempted by federal law and when it is apparent from a review of the complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he suffered.").

2. Since plaintiff's complaint states causes of action under federal law, federal jurisdiction exists, and removal by defendant to federal court was proper. Accordingly, plaintiff's motion to remand the complaint is DENIED.

3. Since, as noted above, the Carmack Amendment preempts plaintiff's state law claims, defendant is correct that plaintiff's complaint – limited only to the two causes of action for negligence and breach of contract – must be dismissed.  See, e.g., Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 613 (9th Cir. 1992).  Accordingly, defendant's motion to dismiss is GRANTED, and the complaint is hereby DISMISSED.

4. The dismissal is without prejudice to plaintiff, however, who is given leave to amend her complaint in order to state a proper claim under the Carmack Amendment.  Any amended complaint must be filed within 20 days of the date of this order.

5. The parties are further ORDERED to attend a case management conference on November 9, 2006, at 2:30 p.m.  The parties shall submit a joint case management conference statement no later than November 2, 2006.

**IT IS SO ORDERED.**

Dated: August 17, 2006

PHYLLIS J. HAMILTON
United States District Judge

2